FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
FEB 13 2013
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE WINSTON PALMER

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-06435 (CBA)

------------------------------------------------------------x

AMON, Chief United States District Judge.

On December 20, 2012, the Court received two letters from Winston Palmer, who is currently incarcerated at Attica Correctional Facility. Mr. Palmer asked for the Court's assistance in getting "Access to the Courts and also the Law Library." He also requested that this Court intervene in a pending criminal issue in Florida state courts. The Clerk's Office sent Mr. Palmer deficiency notices on December 20, 2012 and again on January 10, 2013 instructing him that, in order to proceed, he must submit a complaint and pay the filing fee or return the completed application to proceed <u>in forma pauperis</u> and a Prisoner Authorization Form within fourteen (14) days from the date of the Court's letters. To date, Mr. Palmer has not submitted a complaint or paid the filing fee or returned the completed application to proceed <u>in forma pauperis</u> and a Prisoner Authorization Form.

Mr. Palmer previously filed similar letters with the Court, on December 9, 2011, January 5, 2012, and March 23, 2012. By Order entered April 13, 2012 in Docket Number 11-CV-06139 (CBA), the Court dismissed Mr. Palmer's prior claims. The instant action is dismissed for the same reasons.

If Mr. Palmer believes that correctional officials are violating his right of access to the courts or providing inadequate conditions of confinement or infringing any other constitutional right, he may pursue these claims by filing a prisoner civil rights complaint and by either paying

the filing fee or submitting a request to proceed in forma pauperis. A prisoner civil rights complaint must be filed in the judicial district where a substantial part of the events giving rise to the claim occurred or where any defendant resides. See 28 U.S.C. § 1391(b). Mr. Palmer is incarcerated at Attica Correctional Facility and the conditions he complains of occurred in that facility. Attica is located in Wyoming County, which itself is located within the venue of the United States District Court for the Western District of New York. Accordingly, Mr. Palmer may pursue any claims with respect to the conditions of his confinement in Attica in that district court. To the extent that he seeks to resolve a warrant issued by a criminal court in Miami-Dade County, he must take up the matter with that court directly.

As this Court cannot act on letters, and as it appears to have no jurisdiction over Mr. Palmer's claims, his claims are dismissed without prejudice to filing a complaint or other proceedings in the appropriate court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 13, 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge